Daniel Feder (SBN 130867)
**LAW OFFICES OF DANIEL FEDER**
235 Montgomery Street Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile:  (415) 391-9432
daniel@dfederlaw.com

Attorneys for Plaintiff,
SHAQUILLE STEWART ALEXANDER
and all others similarly situated

The Law Office of Daniel Feder
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA  94104

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAQUILLE STEWART ALEXANDER, on behalf of himself and all others similarly situated<br><br>        Plaintiffs,<br><br>    v.<br><br>SAKS & COMPANY LLC; SAKS INCORPORATED<br><br>        Defendants. | **Case No.:**<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Failure to Pay All Wages;<br>2. Failure to Provide Wages Upon Separation of Employment;<br>3. Willful Failure to Provide Accurate Wage Statements and Maintain Accurate Pay Records;<br>4. Unfair Business Practices in Violation of Cal. Business and Professions Code, 17200, et seq.;<br>5. Failure to Pay Overtime (Fair Labor Standards Act, 29 U.S.C. § 201 et seq.)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SHAQUILLE STEWART ALEXANDER ("Plaintiff"), on behalf of himself and all other similarly situated persons, by and through his undersigned counsel, allege upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**INTRODUCTION**

1. This is a class action lawsuit brought by Plaintiff on behalf of himself and all others similarly situated. Defendants Saks & Company LLC., Saks Incorporated, (collectively refer as "Defendants" hereafter) implemented an illegal policy requiring its non-exempt workers to wait in line and undergo two off-the-clock security bag searches and clearance checks when they clock in before the shift and after they have clocked out at the end of their shifts. These security bag searches are done for the sole benefit of Defendants. This waiting time constitutes compensable time that was worked by the Plaintiff and Class Members. Plaintiff and other sales associates to report to work at 8am every workday (one hour before clock in), to attend meetings to show new product and top sales of the previous day.  Defendants implemented a policy that the sales associates were prohibited from clocking in until a designated time not even a minute before. By failing to pay for this time worked, Defendants have violated California law because Defendants failed to pay for all hours worked by its employees, failed to pay overtime wages, and failed to provide itemized wage statements as required by the California Labor Code and California Industrial Wage Commission Wage Orders. Plaintiffs bring this lawsuit as a Rule 23 Class Action to recover unpaid wages, overtime compensation, penalties, interest, injunctive relief, damages and reasonable attorneys' fees and costs under, among other statutes, Cal. Lab. Code §§ 203, 226(e), 1194, and 1194.2, California Unfair Competition Law, Cal Bus. & Prof Code §§ 17200 et seq.

2. Defendants' conduct also violates the Fair Labor Standards Act ("FLSA"), which requires non-exempt employees to be compensated for all hours worked in excess of forty in a workweek at one and one-half times their regular rate. 29 U.S.C. § 207(a). On behalf of themselves and all others similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to hereinafter as the "FLSA Class Members."

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, the FLSA, 29 U.S.C §§ 201, et seq. The Court has supplemental jurisdiction over the state law wage and hour claims under 28 U.S.C. § 1367

**CLASS ACTION COMPLAINT**

The Law Office of Daniel Feder ◆ San Francisco, CA  94104

235 Montgomery Street, Suite 1019

The Law Office of Daniel Feder
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA 94104

1   because those claims derive from a common nucleus of operative fact.

2   4. Personal jurisdiction is proper before this Court because Defendants have purposefully

3   availed themselves of the privileges of conducting activities in the state of California and

4   established minimum contacts sufficient to confer jurisdiction.

5   5. Venue is proper in the Northern District of California under 28 U.S.C.§1391(b)(2) in that

6   this is the judicial district in which a substantial part of the events or omissions giving rise to the

7   claim occurred.

8   **THE PARTIES**

9   6. Plaintiff is an individual over the age of 18 and is a resident of the State of California.

10   Plaintiff was hired as retail sales Associate of Defendants Saks & Company LLC., Saks

11   Incorporated,  (collectively "Defendants") on June 25, 2019.  Plaintiff was a non-exempt hourly

12   employee. Plaintiff began his employment with Saks on June 25, 2019 reporting to the Saks store

13   in Union Square, San Francisco. Plaintiff's managers required Plaintiff and other sales associates

14   to report to work at 8am every workday (one hour before clock in), to attend meetings to show new

15   product and top sales of the previous day.  Defendants implemented a policy that the sales

16   associates were prohibited from clocking in until a designated time not even a minute before.

17   Defendants require Plaintiff and other similarly situated persons to wait in line to undergo security

18   bag search before beginning and at end of shifts each workday. Defendants require Plaintiff and

19   other similarly situated persons clock in after security checks in the morning and clock out before

20   they undergo security checks at the end of shifts each workday. The amount of time it takes to

21   undergo the security checks is approximately 20 minutes on average. This amount of time could be

22   longer depending upon the number of other Defendants' employees in line for the security checks.

23   Plaintiff and other similarly situated persons are not compensated for their waiting time.

24   7. This security clearance time should have been paid by Defendants because it constitutes

25   compensable time worked. During this time, Plaintiffs and the Class Members were at the

26   premises of Defendants and subject to the control of Defendants.

27   8. The Plaintiffs and Class Members were non-exempt employees and were paid on hourly

28   rate basis.

3
**CLASS ACTION COMPLAINT**

9. Under California law, the time spent undergoing the security clearance is compensable time that should have been paid by Defendants. *Frlekin v. Apple, Inc.*, 8 Cal. 5th 1038 (2020).

10. Likewise, under the FLSA, the time spent undergoing the security checks is compensable time that should have been paid by Defendants. The security checks were required by Defendants and Plaintiff and the Class Members were told in advance the time they were required to be at the Defendants' premises, controlled and required by Defendants, and undertaken primarily for the benefit of Defendants' business.

11. When Plaintiff and class members worked more than eight hours in a day or forty hours in a workweek, they were entitled to overtime pay.

12. The "FLSA Class Members" are all current and former hourly paid employees of Defendants who were not paid all hours worked in the three-year period before the filing of this Complaint to the present.

13. The "California Class Members" are all current and former hourly paid employees of Defendants who were not paid all hours worked in the four-year period before the filing of this Complaint to the present.

14. The FLSA Class Members and California Class Members shall be collectively referred to as "Class Members."

15.  Defendant SAKS & COMPANY LLC. is a corporation doing business in the State of California.

16. Defendant SAKS INCORPORATED is a corporation doing business in the State of California.

17. At all material times, Defendants were and are legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiff and the Class Members.

**FAIR LABOR STANDARDS ACT COLLECTIVE ACTION ALLEGATIONS**

18. Plaintiff brings the FLSA collective claim described below on behalf of himself and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, on behalf of: All Defendants' Hourly Employees who worked in Defendants' department stores in

The Law Office of Daniel Feder ◆ San Francisco, CA  94104

235 Montgomery Street, Suite 1019

California, who are or were employed within the three years preceding the filing of this action by the Defendants, and who were: (a) not compensated for off-the-clock time spent waiting in security screening lines before being allowed to leave the premises; and/or (b) were not fully compensated for this time worked over forty hours per week at overtime rates (the "FLSA Collective Class").

19. Plaintiff is unable to state the exact number of class members without discovery of Defendants' books and records but estimate the class to exceed several hundreds individuals.

20. Defendant improperly benefited from Plaintiff's and the FLSA Collective Class members' uncompensated work while waiting in lengthy security check lines and undergoing personal package and bag searches. Defendants failed to pay Plaintiff and members of the FLSA Collective Class time-and-one-half their regular rate of pay for hours worked beyond forty hours in a workweek.

21. Defendants' unlawful conduct has been widespread, repeated and consistent. Moreover, Defendants' conduct was willful and in bad faith and has caused significant damages to Plaintiff and the FLSA Collective Class.

22. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective Class, and, as such, notice should be sent out to the FLSA Collective Class. There are numerous similarly situated, current and former employees of the Defendants who have been denied wages in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the action. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CALIFORNIA STATE CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the California Class, which is comprised of: All current and former hourly paid employees of Defendants who (1) not compensated for off-the-clock time spent waiting in security screening lines before being allowed to leave the premises; and/or (2) were required to report to work at one hour before clock in to attend meetings and were prohibited from clocking in until a designated time; and (3) were not fully compensated for this time worked over

The Law Office of Daniel Feder ◆ San Francisco, CA 94104
235 Montgomery Street, Suite 1019

forty hours per week at overtime rates during at least one week in California in the four-year period before the filing of this Complaint to the present.

24. *Numerosity*. The number of members in the California Class is believed to exceed forty and in fact, is likely to be in the hundreds. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the California Class as a plaintiff in this action is impracticable. Furthermore, the identity of the members of the California Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the California Class and Defendants.

25. *Typicality.* Plaintiff's claims are typical of the California Class because like the members of the California Class, Plaintiff was subject to Defendants' uniform policies and practices and were compensated in the same manner as others in the California Class. Defendants failed to pay the California Class Members for all hours they worked. Additionally, members of the California Class worked substantially more than eight (8) hours in a day and forty (40) hours in a week as non-exempt employees. Further, the California Class Members were not paid the correct overtime wages as a result of Defendants incorrectly calculating the regular rates of pay. Moreover, the California Class Members each received wage statements that failed to comply with California law. Thus, Plaintiff and the California Class have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices that failed to comply with California law. As such, Plaintiff's claims are typical of the claims of the California Class. Plaintiff and all members of the California Class sustained damages arising out of and caused by Defendants' common course of conduct in violation of law as alleged herein.

26. *Adequacy*. Plaintiff is a representative party who will fairly and adequately protect the interests of the California Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under California law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest that may be contrary to or in conflict with the claims

The Law Office of Daniel Feder ◆ San Francisco, CA 94104
235 Montgomery Street, Suite 1019

of the California Class he seeks to represent.

27. *Commonality*. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact and law include, but are not limited to:

a. Whether Plaintiff and the California Class are entitled to compensation for the time spent in the security clearance and time spent in the meetings before clock in;

b. The amount of time spent in the security clearance and meetings;

c. Whether Plaintiff and the California Class are entitled to compensation for the time spent in the security clearance and in meetings before clock in;

d. Whether Plaintiff and the California Class worked more than eight (8) hours in a day and/or worked more than forty (40) hours in a workweek;

e. Whether Defendants failed to pay Plaintiff and the California Class wages for all hours worked;

f. Whether Defendants failed to include all payments to Plaintiff and California Class in the calculation of the regular rate of pay;

g. Whether Defendants failed to keep accurate records of employees' hours of work, hourly wages, and hourly rates, and failed to timely furnish each Class Member with a statement accurately showing the total number of hours worked, hourly rates, and wages earned each pay period;

h. Whether Defendants failed to timely pay employees unpaid wages and overtime due upon their separation from employment with Defendant;

i. Whether Plaintiff and the California Class are entitled to compensatory damages;

j. The proper measure of damages sustained by Plaintiff and the California Class; and

k. Whether Defendants' conduct was "willful."

28. *Superiority*. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the California Class could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual

The Law Office of Daniel Feder ◆ San Francisco, CA 94104
235 Montgomery Street, Suite 1019

members of the California Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

29. Without a class action, Defendants will retain the benefit of its wrongdoing and will continue a course of action that will result in further damages to Plaintiff and the California Class.

## FIRST CLAIM FOR RELIEF

Failure to Pay all Wages

Violation Cal. Labor Code §§ 204, 1194, 1194.2, 1197, 1198

On Behalf of Plaintiff and the California Class

30. Plaintiffs incorporate by reference the allegations set forth above as though fully restated herein.

31. Under California law, Defendants were required to pay wages for each hour worked, and overtime wages when non-exempt employees work over eight (8) hours a day or forty (40) hours in a week by calculating the hourly rate and then computing the overtime premium amount owed. Specifically, California law requires employers to pay their employees a minimum wage for all hours worked, which is defined as the "time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." *Frlekin v. Apple, Inc*., 8 Cal. 5th 1038 (2020). Section 4 of the applicable Industrial Welfare Commission Order requires Defendants to pay non-exempt employees at least at the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

32.  Defendants failed to compensate the Plaintiff and the California Class Members for all hours that they worked. As noted above, the Plaintiff and California Class Members were not paid for the time they spent for all security clearance and for meetings prior to clock in before their designated schedules.  As a result, Plaintiff and Class Members are entitled to compensation for all hours worked, but not paid, during the statutory period covered by this lawsuit. The Plaintiff and Class Members are also entitled to reasonable attorneys' fees, interest, and costs of suit.

33. The California Class Members, including Plaintiff, have been deprived of their rightfully earned wages as a direct and proximate result of Defendants' company-wide policies and

The Law Office of Daniel Feder ◆ San Francisco, CA  94104

235 Montgomery Street, Suite 1019

practices. Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and the California Class for all wages earned and all hours worked, in violation of California law.

34. As a direct result, Plaintiff and the California Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages. Defendants regularly, willfully, and repeatedly failed and continues to fail to make, keep, and preserve accurate time records required by the California Labor Code §§ 226 and 1174, with respect to the Plaintiff and Class Members. Through this unlawful course of conduct, Defendants have deprived and continues to deprive Plaintiff and the California Class Members of records necessary to calculate with precision the compensation due to them.

## SECOND CLAIM FOR RELIEF

Willful Failure to Pay all Wages Upon Separation

Cal. Labor Code §§ 201, 202, 203

On Behalf of Plaintiff and the California Class

35. Plaintiffs incorporate by reference the allegations set forth above as though fully restated herein.

36.  California Labor Code §§ 201 and 202 require that employers pay all employees all wages immediately upon employer termination or within 72 hours after employee resignation. California Labor Code § 203 provides that in instances that an employer willfully fails to pay all wages owing within the proscribed time limits, the employer must continue to pay the subject employee wages until the wages are paid in full.  An employee need not prove malice or intentional conduct in establishing a claim for waiting time penalties, but rather must merely establish that the employer did not pay as it was obligated to do.

37. Where an employer willfully fails to pay discharged or resigning employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

The Law Office of Daniel Feder ◆ San Francisco, CA  94104

235 Montgomery Street, Suite 1019

The Law Office of Daniel Feder
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA 94104

38. During all relevant times, Defendants knowingly and willfully violated California Labor Code §§ 201 and 202 by failing to pay Plaintiff and California Class members who are no longer employed by Defendants all wages owed as alleged herein. Defendants are therefore liable to Plaintiff and California Class members who are no longer employed by Defendants for waiting time penalties as required by California Labor Code §§ 203 and 218.

39. Plaintiff on behalf of himself and on behalf of California Class members who are no longer employed by Defendants, respectfully request that the Court award all waiting time penalties due, and the relief requested below in the Prayer for Relief.

**THIRD CLAIM FOR RELIEF**

Willful Failure to Provide Accurate Wage Statements and Maintain Accurate Pay Records

Cal. Labor Code § 226(a), (e), (g)

On Behalf of Plaintiff and the California Class

40. Plaintiffs incorporate by reference the allegations set forth above as though fully restated herein.

41. California Labor Code § 226(a) sets forth numerous "accurate" items which a company must furnish to its employees with their paychecks ("paystubs"), and which it must maintain for a period of not less than three years.  Included in those items are numerous items that Defendants did not accurately provide and retain. These items include, but are not limited to: (1) a statement of accurate gross wages earned by the employee; (2) a statement of total hours worked the employee; (3) a statement of net wages earned; and (4) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

42. Defendants knowingly and intentionally failed to provide accurate information in both paystubs and in its records to Plaintiff and each California Class Member with timely, itemized wage statements that accurately reflect among other things the total number of hours worked, hourly rate and wage earned as mandated by the California Labor Code§ 226(a).

43. As a direct and proximate result of Defendants, and each of their failure to provide accurate information to Plaintiff and the California Class Members about working hours and wages owing, Plaintiffs were injured in an amount to be proven at trial, but not less than $50 for the initial

pay period in which these violations occurred and an additional $100 per pay period thereafter pursuant to Labor Code § 226(e).

44. Plaintiff and the California Class are also entitled to reasonable attorneys' fees and costs in the prosecution of this action, and Plaintiff therefore seeks attorneys' fees and costs under all applicable provisions of law.

### **FOURTH CLAIM FOR RELIEF**

Unfair Business Acts and Practices

Cal. Business & Professions Code § 17200 et seq.

On Behalf of Plaintiff and the California Class

45. Plaintiffs incorporate herein by reference each and every allegation contained in this complaint as though fully set forth herein.

46. Plaintiff further bring this action on behalf of himself and as a representative pursuant to the Business and Professions Code, sections 17200, et seq., seeking restitution and/or disgorgement of monies owed for regular, minimum, and overtime wages, failing to provide itemized wage statements, and failing to pay all wages upon termination.

47. Plaintiffs allege that the following practices of Defendants are unlawful and unfair business practices pursuant to Business and Professions Code §§ 17200, et seq.: 1) failing to pay Plaintiffs overtime wages; 2) failing to pay Plaintiff all hours worked; 3) failing to pay wages owed upon separation; 4) failing to maintain accurate pay records and to provide employees with adequate paystubs, and 5) unjustly enriching themselves due to the same.

48. The Unfair Competition Law prohibits all unfair competition, which is defined as "any unlawful, unfair or fraudulent business act or practice." Plaintiff, on behalf of himself and the California Class Members have standing to bring this claim because they have suffered injuries in fact and has lost money as a result of Defendant's unfair competition.

49. Plaintiff, on behalf of himself and the California Class Members are seeking restitution for Defendant's failure to pay employees regular, minimum and overtime wages, and failure to provide meal and rest periods.

50. Defendants have inequitably and unlawfully conspired, agreed, arranged, and combined

The Law Office of Daniel Feder ◆ San Francisco, CA  94104

235 Montgomery Street, Suite 1019

to violate California labor laws, as alleged herein.

51. Pursuant to Business and Professions Code §§ 17071 and 17075, the failure of Defendants to pay all wages, including overtime wages, is admissible as evidence of Defendants' intent to violate the California Unfair Practices and Unfair Competition Laws.

52. As a direct and proximate result of the unfair, unlawful, and/or fraudulent business practices alleged herein, through the four-year statute of limitations periods, Plaintiff and California Class Members have been denied due wages, all to their detriment and all to Defendants' illegal economic advantage.

53. The Business and Professions Code provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Plaintiff and California Class Members seek restitution and disgorgement of all unpaid wages owing to them, in an amount according to proof that the Defendants have enjoyed as a result of the unfair business practices alleged herein.

## FIFTH CLAIM FOR RELIEF

Failure to Pay Overtime

Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

On Behalf of Plaintiff and the FLSA Collective Class

54. Plaintiffs incorporate herein by reference each and every allegation contained in this complaint as though fully set forth herein.

55. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U. S.C. § 203. At all relevant times, Defendants have employed and continue to employ, employees, including Plaintiff and the FLSA Class Members, as defined by the FLSA.

56. The FLSA requires each covered employer such as the Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

57.  Plaintiff and the FLSA Class Members were entitled to be paid overtime compensation

The Law Office of Daniel Feder ◆ San Francisco, CA  94104

235 Montgomery Street, Suite 1019

1   for all overtime hours worked at the rate of one and one-half times their regular rate of pay.

2       58. At all relevant times, Defendants required and/or permitted Plaintiff and the FLSA

3   Class Members to work in excess of forty (40) hours per workweek. Despite the hours worked by

4   them, Defendants willfully, in bad faith, and knowingly violated the FLSA, failed and refused to

5   pay Plaintiff and the FLSA Class Members the appropriate overtime wages for all compensable

6   time worked in excess of forty (40) hours per workweek. Plaintiff and the Class Members were not

7   paid the full amount of overtime wages due under the FLSA as a result of Defendants' failure and

8   refusal to classify the time spent in the security clearance and meetings prior to clock in as

9   compensable time. Plaintiff and the Class Members were also not paid the full amount of overtime

10  wages due under the FLSA as a result of Defendants' failure and refusal to include all

11  remuneration in the calculation of the regular rate of pay for purposes of paying overtime wages.

12  By failing to compensate Plaintiff and the FLSA Class Members at a rate of not less than one-and-

13  a-half times the regular rate of pay for work performed in excess of forty (40) hours in a

14  workweek, Defendants have violated the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. §

15  207(a). The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the

16  meaning of 29 U.S.C. § 255(a).

17      59. Plaintiff and the FLSA Class Members seek recovery of their damages, unpaid wages,

18  unpaid overtime pay, liquidated damages, attorney's fees, costs and expenses.

19                              **PRAYER FOR RELIEF**

20  **Plaintiff, on behalf of himself and the FLSA Collective Class, pray that the Court:**

21      a.      Allow Plaintiff to give notice of this collective action, or that the Court issue such

22              notice, to the FLSA Class Members as defined herein so that such persons shall

23              be informed that this civil action has been filed, of the nature of the action, and of

24              their right to join the FLSA collective suit if they believe they were denied unpaid

25              wages;

26      b.       Certify that this action may proceed as a collective action under 29 U.S.C. §

27              216(b) and class action under Fed. R. Civ. P. 23;

28      c.      Appointment of Plaintiff's counsel as Lead Counsel for the FLSA Collective

1   Class

2   d.   Order preliminary, permanent, mandatory injunctive relief prohibiting

3        Defendants, their officers, agents, and all those acting in concert with it, from

4        committing in the future those violations of law herein alleged;

5   e.   Find that Defendants' policies and/or practices described above violate the FLSA;

6   f.   An award of damages, liquidated damages, restitution, and/or statutory penalties

7        to be paid by Defendants for the claims alleged herein;

8   g.   An award interest, costs, and expenses, including reasonable attorneys' fees and

9        expert fees; and

10  h.   All such other relief the Court deems just and proper.

11  **Plaintiff, on behalf of himself and the California Class Members, pray that the Court:**

12  a.   Certification of this action as a class action pursuant to Federal Rule 23 and the

13       appointment of Plaintiff as the representative of the California Class and Plaintiff's

14       counsel as Lead Counsel for the California Class;

15  b.   An award to Plaintiff and California Class members of damages for the amount of

16       unpaid overtime in addition to interest subject to proof;

17  c.   An award to Plaintiff and California Class members of any waiting time penalties

18       under § 203 et seq. of the California Labor Code;

19  d.   An award to Plaintiff and California Class members of any itemized wage statement

20       penalties under § 226 of the California Labor Code;

21  e.   An award to Plaintiff and California Class members of restitution under the UCL;

22  f.   An award of pre- and post-judgment interest on all monetary relief prayed for above, as

23       may be permitted by law;

24  g.   An award of reasonable attorneys' fees pursuant to sections 226(e) and 1194 of the

25       California Labor Code and/or pursuant to Cal. Code of Civ. Procedure section 1021.5;

26  h.   An award of costs of suit;

27  i.   A declaratory judgment that the practices complained of herein are unlawful under the

28       California Labor Code and/or the UCL, and injunctive relief requiring termination or

modification of the unlawful practices challenged in this Complaint, including Defendants' improper requirement that Defendants' Hourly Employees wait in lengthy security clearance lines and/or meetings prior to their clock in without compensation for their time;

j.   All such other relief as this Court shall deem just and proper.


Dated:  April 1, 2021                    Law Offices of Daniel Feder


                                         DANIEL FEDER
                                         Attorneys for Plaintiff and the putative class


**PLAINTIFFS DEMAND TRIAL BY JURY.**


Dated:  April 1, 2021                    Law Offices of Daniel Feder


                                         DANIEL FEDER
                                         Attorneys for Plaintiff and the putative class

The Law Office of Daniel Feder
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA 94104

15
**CLASS ACTION COMPLAINT**