UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAQUILLE STEWART ALEXANDER, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAKS & COMPANY LLC; SAKS INCORPORATED<br><br>Defendants. | Case No.  3:21-cv-02384 VC<br><br>**[~~PROPOSED~~] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, AND APPROVAL OF PROPOSED NOTICE OF CLASS ACTION SETTLEMENT** AS MODIFIED<br><br>Complaint Filed: April 1, 2021 |

Case No.  3:21-cv-02384 VC

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Blvd. Suite 600
Walnut Creek  CA  94597
925.932.2468

BEFORE THE COURT is the Motion for Preliminary Approval of the Class, Collective and PAGA Action Settlement submitted by Plaintiff Shaquille Stewart Alexander ("Plaintiff" or "Class Representative"), individually, and on behalf of all Settlement Class Members and Defendants SAKS & COMPANY, LLC and Defendant SAKS INCORPORATED ("Defendants") pursuant to Federal Rule of Civil Procedure 23. The Court, having considered the Motion, the arguments of counsel, and good cause appearing therefor,

IT IS ORDERED as follows, and the Court makes the findings set forth below:

1. <u>Preliminary Approval of the Proposed Settlement</u>. The "Joint Stipulation of Class, Collective and PAGA Action Settlement Agreement" (the "Agreement") signed by the Parties on June 1, 2022, is preliminarily approved pending a Final Approval Hearing, except that the UC Berkeley Labor Center will be the only cy pres recipient. The Court's scrutiny of the proposed settlement is as rigorous at the preliminary approval stage as at the final approval stage. *Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1036-1037 (N.D. Cal. 2016). On the current record, the Court preliminarily finds that the proposed settlement described in the Agreement (including the monetary provisions, the plan of allocation, the release of claims, the proposed award of attorneys' fees and costs and the Class/PAGA Representative Service Award) is reasonable and therefore grants preliminary approval of the Agreement. The Court preliminarily finds that settlement on the terms in the Agreement is fair, reasonable, and adequate and that such settlement is in the best interests of the Class, as that term is defined in the Agreement. In making this preliminary finding, the Court considered the nature of the claims, the relative strength of Plaintiff's claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the class members, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further finds that the settlement proposed in the Agreement resulted from arm's length negotiations. The Court grants Plaintiff's request to file the Second Amended Complaint; however, Defendants are not required to file a response.

1. <u>Class Certification for Settlement Purposes</u>. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court conditionally certifies, for settlement purposes only, the following "Settlement Class," which consists of all Class Members who have not excluded themselves from the

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Blvd. Suite 600
Walnut Creek CA 94597
925.932.2468

2.  Case No. 3:21-cv-02384 VC
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Settlement Class by submitting a timely request for exclusion in accordance with the requirements set forth in the Class Notice and the Preliminary Approval Order. "Class Members" are defined as:

> All current or former non-exempt employees who worked for Saks & Company, LLC (the "Company"), at a Saks Fifth Avenue retail store in California, during the Class Period (April 1, 2017 through preliminary court approval) and <u>excludes</u> all individuals identified by and included in the settlement classes, unless they opt-out, as approved by the court(s) in *Alfreda Lewis v. Saks South Coast Leasehold, LLC; Saks & Company, LLC*, Case No. 30-2020-01143164-CU-OE-CXC, currently pending in California Superior Court, County of Orange and *Maxwell Esposito v. Saks & Company, LLC*, currently pending in California Superior Court, County of Los Angeles – Santa Monica, Case No. 20SMCV01252 ("Lewis/ Esposito Settlement"). However, individuals who are members of the Lewis/Esposito Settlement but who also worked for the Company at a Saks Fifth Avenue retail store in California during the Class Period in a role other than Sales Associate (SAL 102 or 104) and Brand Ambassador (SST100), may participate in both settlements.

    2.    <u>Prerequisites for Class Action</u>. Solely for the purposes of settlement, the Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) are satisfied for the following reasons:

    (a)    The Settlement Class appears so numerous that joinder of all members is impracticable. The Settlement Class consists of approximately 1,042 members;

    (b)    There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the settlement should be approved;

    (c)    The Class Representative's claims for the alleged violations of the Fair Labor Standards Act, California Labor Code and Business & Professions Code section 17200 appear to be typical of the claims of the Settlement Class; and

    (d)    The Class Representative and Class Counsel appear to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement.

    3.    <u>Rule 23(b)(3) Class Action</u>. The Court finds, for settlement purposes, that this action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because:

    (a)    Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class; and

    (b)    Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class members.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Blvd. Suite 600
Walnut Creek CA 94597
925.932.2468

3.     Case No. 3:21-cv-02384 VC
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

4. <u>FLSA Claim</u>.  The Court finds that the FLSA claims may be released upon the cashing of an individual's settlement check, and that the settlement of the FLSA claim is a fair and reasonable resolution of a bona fide dispute.

5. <u>PAGA Payment</u>. The Court approves the allocation of $20,000 of the Total Settlement Amount to the PAGA Settlement Amount in connection with the release of the claim for civil penalties under the California Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code §§ 2698, *et seq*. Pursuant to PAGA, 75%, or $15,000.00, will be paid to the LWDA, and 25%, or $5,000.00 will be paid to PAGA Cohort Members. PAGA Cohort Members may not exclude themselves from the PAGA Release.

6. <u>Appointment of the Class Representatives and Class Counsel</u>. Pursuant to Federal Rule of Civil Procedure 23(a), the Court conditionally appoints Plaintiff Shaquille Stewart Alexander as Class Representative for the Settlement Class. In accordance with Federal Rule of Civil Procedure 23(g), the Court conditionally appoints Eric Lechtzin of Edelson Lechtzin LLP, and Daniel Feder of Law Offices of Daniel Feder as Class Counsel for the Settlement Class.

7. <u>Settlement Administrator</u>. Simpluris, Inc. is appointed to serve as the settlement administrator ("Settlement Administrator") for the purpose of administering the settlement with reasonable administration costs estimated not to exceed $14,000 pursuant to the terms set forth in the Agreement.

8. <u>Notice of Proposed Class Action Settlement</u>. The Court approves the form and content of the Notice of Class Action Settlement filed at Docket Number 76-1 and authorizes dissemination of the Notice to Members of the Settlement Class as required by the Settlement. Subject to the terms of the Settlement, the Notice of Settlement shall be mailed via first-class mail to the most recent known address of each Class Member within the timeframe specified in the Settlement. The Court finds that the proposed method for notifying the Settlement Class meets the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and all due process requirements, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to notice. The Settlement Administrator shall follow the additional procedures set forth in Paragraph 61(b) of the Agreement to process Notices that are undelivered and returned.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Blvd. Suite 600
Walnut Creek CA 94597
925.932.2468

4.   Case No. 3:21-cv-02384 VC
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

1   9. <u>Opting Out of the Settlement</u>. Unless a Settlement Class Member timely opts out of the settlement described in the Notice of Settlement, he/she shall be bound by the terms and conditions of the Agreement and shall also be bound by the Court's Final Approval Order enjoining all Settlement Class Members from pursuing, or seeking to reopen, any of the Released Claims against the Released Parties. The Court approves the proposed procedure for exclusion from the Settlement, which is to submit a written statement requesting exclusion to the Settlement Administrator no later than the Exclusion Deadline, which is sixty (60) days following the date on which the Settlement Administrator first mails the Notice to the Class Members.

10. <u>Objecting to the Settlement</u>. Each member of the Settlement Class shall be given a full opportunity to object to the proposed Settlement and request for attorneys' fees and to participate at the Final Approval Hearing. Any Member of the Class seeking to object to the proposed Settlement may file such objection in writing with the Court no later than sixty (60) calendar days from the initial mailing of the Notice by the Settlement Administrator.  Settlement Class Members who fail to send timely written objections substantially complying with the manner specified above or fail to object at the Final Approval Hearing shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. The written objection requirement may be excused by the Court upon a showing of good cause. Class Counsel and Defendants' Counsel will file their responses to any objection within seven (7) calendar days before the Final Approval Hearing.  Only objecting Settlement Class Members who make objections in the manner described in the Notice of Settlement, or in substantial compliance with the manner described, will be considered Objectors and will therefore be permitted to be heard at the Final Approval Hearing unless excused upon a showing of good cause.

11. <u>Final Approval Hearing</u>. Class Counsel shall file a motion for final approval of the Settlement with the appropriate declarations and supporting evidence, including a declaration setting forth the identity of any members of the Class who request exclusion from the Settlement and the status of administration. The deadline for Class Counsel to file an attorneys' fees motion and motion for service awards shall be at least 14 days before the opt-out/objection deadline. The Final Approval Hearing is set for November 17, 2022, at 2:30 p.m., which is at least 90 days from the date

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Blvd. Suite 600
Walnut Creek, CA 94597
925.932.2468

5.                                    Case No. 3:21-cv-02384 VC
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

of service of the CAFA Notice as required by 28 U.S.C. §1715. The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. In the event that the Effective Date does not occur, the Parties will be returned to their respective positions *nunc pro tunc* as those positions existed prior to the execution of the Settlement Agreement.

12. <u>Nonsubstantive amendments.</u> Non-substantive amendments may be made to the Settlement Agreement and/or Notice upon written agreement of the Class Counsel and Defendants' Counsel without court approval.

13. All proceedings in this Action, except those contemplated herein, are stayed and all deadlines vacated.

14. The Court retains jurisdiction to consider all further applications arising out of, or in connection with, the Settlement.

**IT IS SO ORDERED.**

DATED: __August 1__, 2022



Vince Chhabria
UNITED STATES DISTRICT JUDGE

4881-1345-8979.1 / 094086-1003

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Blvd., Suite 600
Walnut Creek, CA 94597
925.932.2468

6.

Case No. 3:21-cv-02384 VC

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT