UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAQUILLE STEWART ALEXANDER, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAKS & COMPANY LLC; SAKS INCORPORATED<br><br>Defendants. | Case No. 3:21-cv-02384 VC<br><br>**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AS MODIFIED**<br><br>Complaint Filed: April 1, 2021 |

1  BEFORE THE COURT is the Motion for Final Approval of the Settlement submitted by Plaintiff Shaquille Stewart Alexander ("Plaintiff" or "Class Representative"), individually, and on behalf of all Settlement Class Members. Defendants SAKS & COMPANY, LLC and Defendant SAKS INCORPORATED ("Defendants") did not oppose the motion.

The Court granted Plaintiff's Motion for Preliminary Approval of the Settlement. *See* ECF 79. Before the Court is the last stage of the settlement approval process: final approval of the Settlement. Plaintiff has separately moved for approval of attorneys' fees and costs and a service award for the Class Representative.

Having reviewed the papers and documents presented, having heard the statements of counsel, and having considered the matter, the Court HEREBY ORDERS as follows:

1. The Court has jurisdiction over the claims asserted in this proceeding and over all Parties to the action;

2. The Court hereby GRANTS FINAL APPROVAL of the terms and conditions contained in the Settlement as to the Settlement Classes. The Court finds that the terms of the Settlement are within the range of approval, pursuant to Rule 23 of the Federal Rules of Civil Procedure and applicable law.

3. The Court finds that: (1) the settlement amount is fair and reasonable when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (3) the proposed Settlement has been reached as the results of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Settlement was entered into in good faith.

4. The Court hereby makes final its earlier conditional certification of the Settlement Class, which consists of all Class Members who have not excluded themselves from the Settlement Class by submitting a timely request for exclusion in accordance with the requirements set forth in the Class Notice and the Preliminary Approval Order. "Class Members" are defined as:

> All current or former non-exempt employees who worked for Saks & Company, LLC (the "Company"), at a Saks Fifth Avenue retail store in California, during the Class Period (April 1, 2017 through preliminary court approval) and <u>excludes</u> all individuals identified by and included in the settlement classes, unless they opt-out, as approved by the court(s) in *Alfreda Lewis v. Saks South Coast Leasehold, LLC; Saks & Company, LLC*, Case No. 30-2020-01143164-CU-OE-CXC, currently pending in California Superior Court, County of Orange and *Maxwell Esposito v. Saks & Company, LLC*, currently pending in California Superior Court, County of Los Angeles – Santa Monica, Case No. 20SMCV01252 ("Lewis/ Esposito Settlement"). However, individuals who are members of the Lewis/Esposito Settlement but who also worked for the Company at a Saks Fifth Avenue retail store in California during the Class Period in a role other than Sales Associate (SAL 102 or 104) and Brand Ambassador (SST100), may participate in both settlements.

5.  The Court finds that the FLSA claims may be released as part of the settlement of the Federal Rule of Civil Procedure 23 Class using an opt-out settlement procedure, and confirms that the settlement of the FLSA claim is a fair and reasonable resolution of a bona fide dispute.

6.  The Court hereby confirms the appointment of Simpluris, Inc. as Settlement Administrator, and approves its costs of $14,000, which are to be paid from the total Settlement.

7.  The Court hereby FINALLY APPOINTS Plaintiff Shaquille Stewart Alexander as Class Representative for the Settlement Class. The Court FINALLY APPOINTS Eric Lechtzin of Edelson Lechtzin LLP, and Daniel Feder of Law Offices of Daniel Feder as Class Counsel for the Settlement Class.

8.  The Court finds that the approved Notice of Class Action Settlement (submitted to the Court at ECF 76-1) constituted the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to notice. The Court further finds that the Notice of Class Settlement fully and accurately included all material elements of the proposed Settlement, the right of Class Members to be excluded from the Settlement, and the right and opportunity for Class Members to object to the Settlement. A full opportunity has been afforded to the Class Members to participate in this hearing and all Class members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members, since none timely and properly executed a request for exclusion, are bound by this Order and the Judgment.

9. The Court FINALLY APPROVES Class Counsel's request for attorneys' fees of twenty-seven and a half percent (27.5%) of the original $375,000 Gross Settlement Amount, for a total of $103,125 in fees. This amount is justified under the common fund doctrine, the range of awards ordered in this District and Circuit, the results obtained, the substantial risk borne by Class Counsel in litigating this matter, the skill and quality of work performed, the financial burden imposed by the contingency basis of Class Counsel' representation, and the additional work required of Class Counsel to bring this Settlement to conclusion. The Court finds the fee award is further supported by a lodestar crosscheck. In fact, Class Counsel's total lodestar amount is less than the requested fee. Thus, the Court applies a negative multiplier to Class Counsel's lodestar in issuing this fee award.

10. Ten percent (10%) of the attorney fee award will be held back pending the filing of a Post-Distribution Accounting by Class Counsel and an order from the Court. The Post-Distribution Accounting will explain when payments were made to Class Members, the number of Class Members who were sent payments, the total amount of money paid out to Class Members, the average and median recovery per Class Member, the largest and smallest amount paid to Class Members, the number and value of cashed and uncashed checks, the number of Class Members who could not be contacted (if any), the amount distributed to any *cy pres* recipient, any significant or recurring concerns communicated by Class Members to the Settlement Administrator and Class Counsel since final approval, and any other issues in settlement administration since final approval.

11. The Court FINALLY APPROVES Class Counsel's request for litigation costs in the amount of $23,800.09.

12. The Court FINALLY APPROVES a service award of $5,000 for Plaintiff Stewart Alexander, and finds that the award is fair and reasonable.

13. The Court approves the allocation of $20,000 of the Total Settlement Amount to the PAGA Settlement Amount in connection with the release of the claim for civil penalties under the California Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code §§ 2698, *et seq*.) Pursuant to PAGA, 75%, or $15,000.00, will be paid to the LWDA, and 25%, or $5,000.00 will be paid to PAGA Cohort Members. PAGA Cohort Members may not exclude themselves from the PAGA Release.

14. Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the following implementation schedule:

| | |
|---|---|
| Effective Date | The last date of: (a) 31 days after Final Approval by the Court and issuance of a Final Order and Judgment by the Court if no appeal, review or writ petition has been filed; or (b) if there are Objections to the Settlement which are not withdrawn, and if an appeal, review or writ is not sought from the judgment, the day after the time for appeal of the entry of Judgment has expired; or (c) if an appeal, review or writ is sought from the judgment, the day after the Judgment is affirmed or the appeal, review or writ is dismissed or denied, and the Judgment is no longer subject to further judicial review. |
| Deadline for Saks to pay the Total Settlement Amount into the Qualified Settlement Fund | Within fourteen (14) business days of the Effective Date |
| Deadline for Simpluris to make payments for attorneys' fees and cost, service awards, Class Member Settlement Awards, and LWDA Payment | Within ten (10) calendar days of receipt of the Total Settlement Amount |
| Check-cashing deadline | 180 days after issuance |
| Deadline for Simpluris to provide a written declaration to certify completion to the Court and counsel for all Parties as ordered by the Court | Upon completion of administration of the Settlement |
| Deadline for Simpluris to release the 10 percent holdback of the attorneys' fees award to Class Counsel | As soon as practicable following completion of the distribution process and filing of the Post-Distribution Accounting with the Court and an order from the Court. |

15. The Court further ORDERS that, pending further order of this Court, all proceedings in the above-captioned Action, except those contemplated herein and in the Settlement, are stayed, and all deadlines are vacated.

16. The Court dismisses this Action with prejudice and will enter Judgment consistent with the Settlement and this Order.

17. The Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby approved on a final basis pursuant to Federal Rule of Civil Procedure 23(e).

Specifically, the Court approves in full the Settlement Agreement. The Parties shall comply with and implement the Settlement Agreement according to its terms.

18. The Court shall retain jurisdiction to enforce the terms of the Settlement.

IT IS SO ORDERED.

DATED: November 22, 2022

